```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF VIRGINIA
                     Norfolk Division
```

**ROBERT J. GUYON and**
**GERALDINE S. GUYON,**

                **Plaintiffs,**

v.                                                    ACTION NO. 2:05cv448

**ANTHONY BASSO, individually,**
**ANTHONY BASSO, President and**
**sole representative of Chesapeake**
**Shores Development, Inc., and**
**CHESAPEAKE SHORES DEVELOPMENT, INC.**

                **Defendants.**

## OPINION AND REMAND ORDER

This matter comes before the court on plaintiffs' Motion to Remand. For the reasons stated below, plaintiffs' Motion to Remand is **GRANTED**.

## I. Factual and Procedural History

On June 6, 2005, plaintiffs filed a Motion for Judgment in the Circuit Court for the County of Northampton, Virginia, alleging breach of contract and fraudulent misrepresentation claims against defendants Anthony Basso ("Basso") and Chesapeake Shores Development, Inc. ("Chesapeake"). Plaintiffs, both citizens of Virginia, seek $3,100,000.00 in damages against Basso, a citizen of New York, and $2,100,000.00 in damages against Basso and Chesapeake, a Delaware corporation with its principal place of business in Washington, D.C. Service of the Motion for Judgment on

Chesapeake was effected on June 27, 2005.[1]  Service on Basso was effected on July 7, 2005.[2]

On July 29, 2005, Basso filed a Notice of Removal in this court pursuant to 28 U.S.C. §§ 1332(a), 1441(a).[3]  Chesapeake

---

[1] When personal jurisdiction is authorized by Virginia's long-arm statute, service of process on a foreign corporation may be effected by service on the Secretary of the Commonwealth ("the Secretary").  See Va. Code Ann. § 8.01-301 (West Supp. 2005) (providing general rule for service on foreign corporations); Va. Code Ann. § 8.01-328.1 (West Supp. 2005) (Virginia's long-arm statute); Va. Code Ann. § 8.01-329 (West Supp. 2005) (providing rule for service of process on the Secretary of the Commonwealth).  Virginia Code Annotated § 8.01-329(C) requires the Secretary to mail a copy of the process to the foreign corporation to be served and to file, in the court in which the action is pending, a certificate of compliance with this requirement.  Service on the Secretary is deemed effective on the date that the Secretary's certificate of compliance is filed.  Va. Code Ann. § 8.01-329(C). In this case, the certificate of compliance was filed with the Circuit Court of the County of Northampton on June 27, 2005.  Brief Supp. Pls.' Mot. Remand, Ex. A.  In their Brief in Response to the Motion to Remand, defendants do not contest June 27, 2005, as the date that service on Chesapeake was effected.

[2] Service of process on a natural person is effected by delivery. Va. Code Ann. § 8.01-296(1) (West Supp. 2005).  Delivery to Basso occurred on July 7, 2005.  Brief Supp. Pls.' Mot. Remand, Ex. B.  In their Brief in Response to the Motion to Remand, defendants do not contest July 7, 2005, as the date that service on Basso was effected.

[3] Title 28 U.S.C. § 1441(a) provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . . ."  Under 18 U.S.C. § 1332(a), the district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between (1) citizens of different States . . . ."  Defendants argue that removal under 18 U.S.C. §§ 1332(a), 1441(a) is proper because plaintiffs' Motion for Judgment seeks over $75,000 in damages, and complete diversity exists between plaintiffs, both citizens of Virginia, and defendants Basso, a citizen of New York, and Chesapeake, a citizen

joined in the removal notice.  See Defs.' Notice Removal, Ex. C. On August 19, 2005, plaintiffs timely filed a Motion to Remand and an accompanying Brief in Support of the Plaintiffs' Motion to Remand.[4]  In their brief, plaintiffs argue that the action must be remanded to the Circuit Court for the County of Northampton because defendants' removal was untimely under 28 U.S.C. § 1446, the statute setting forth the procedure for removal.[5]  On September 1, 2005, defendants filed a Brief in Response to the Motion to Remand. In their brief, defendants urge the court to adopt an interpretation of 28 U.S.C. § 1446, under which defendants' removal would be timely.[6]  Plaintiffs filed no rebuttal brief, and plaintiffs' Motion to Remand is now ripe for review.[7]  As defendants challenge plaintiffs' interpretation of the statutory

---

of Delaware and Washington, D.C.  See Defs.' Notice Removal at 1.

[4]"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."  18 U.S.C. § 1447(c) (2005).

[5]See infra at 5-6 for text of 28 U.S.C. § 1446 (2005).

[6]As previously noted, defendants do not contest the dates that service was effected on defendants.  See supra notes 1 and 2.

[7]On August 5, 2005, Chesapeake filed a Motion to Dismiss and a Brief in Support of the Motion to Dismiss.  On August 15, 2005, the Plaintiffs' Brief in Opposition to the Motion to Dismiss by Chesapeake Shores Development, Inc. was filed. Chesapeake filed a Reply Brief in Support of the Motion to Dismiss on August 22, 2005. On August 22, 2005, Basso filed a Motion to Amend, and Amended Answer, and a Brief in Support of the Motion to Amend.  In light of this Opinion and Remand Order, defendants' motions are now **MOOT** in this court.

procedure for removal and not plaintiffs' factual contentions, and as the motion has been adequately briefed, an oral hearing is not necessary to the court's determination of the motion. See E.D. Va. Loc. Civ. R. 7(J) (2005) (authorizing determination of motions without oral hearing).

## II. Analysis

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994) (internal citations omitted). Removal statutes, in particular, must be strictly construed, because the removal of cases from state to federal court raises significant federalism concerns. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109 (1941); Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Doubts about the propriety of removal should be resolved in favor of remanding the case to state court. Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004).

Title 28 U.S.C. § 1441(a) provides the general rule of removal. This section speaks in terms of multiple defendants and provides that "the defendant or the defendants" may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a) (2005). If the defendant or defendants desire removal,

4

and the district courts have original jurisdiction of the action, the defendant or defendants must effectuate removal by complying with the procedural requirements for removal set forth in 28 U.S.C. § 1446.  In the case of multiple defendants, the judicially imposed "rule of unanimity" requires all defendants join in the removal and comply with the procedural requirements for removal set forth in 28 U.S.C. § 1446.  See Creekmore v. Food Lion, Inc., 797 F. Supp. 505, 508 (E.D. Va. 1992) (Smith, J.).[8]  The purpose of imposing a rule of unanimity is to prevent the plaintiff from having to proceed against multiple defendants in separate actions in different forums.  See Branch v. Coca-Cola Bottling Co. Consol., 83 F. Supp. 2d 631, 636 (Shedd, J.) (D.S.C. 2000).  Failure of all defendants to comply with the procedural requirements for removal is an adequate ground for remand to state court.  Creekmore, 797 F. Supp. at 508.

Title 28 U.S.C. § 1446(a) provides the mechanism for initiating removal. This section speaks in terms of multiple defendants and provides that "a defendant or defendants" desiring removal must file a notice of removal in the appropriate district court.  28 U.S.C. § 1446(a) (2005).  Section 1446(b) provides the

---

[8] A defendant need not join the removal if "(1) it had not been served with process at the time the removal petition was filed; (2) it is merely a nominal or formal party defendant; or (3) the removed claim is independent of one or more nonremovable claims against the nonjoining defendants." Creekmore, 797 F. Supp. at 508 n.4.

time period for removal.  Unlike § 1446(a), § 1446(b) speaks in terms of a single defendant only and provides that if a case is removable under § 1441(a) on the basis of the initial pleadings, the removal notice "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b) (2005).  The purpose of imposing a thirty-day period for removal is to prevent "undue delay in removal and the concomitant waste of state judicial resources."  Lovern v. Gen. Motors Corp., 121 F.3d 160, 163 (4th Cir. 1997).

On the basis of the Motion for Judgment filed in state court, this case is removable under 28 U.S.C. § 1441(a) because the amount in controversy and diversity of citizenship requirements of 28 U.S.C. § 1332(a) are satisfied.  See supra at 1 and note 3.  A removal notice was filed as required by 28 U.S.C. § 1446(a), and both defendants served at the time the removal notice was filed joined in the removal as required by the rule of unanimity.  See supra at 2-3.  The issue is whether both defendants complied with the thirty-day time period for removal set forth in 28 U.S.C. § 1446(b).  Basso, the later-served defendant, filed the removal notice within thirty days from the date that he was served, and Chesapeake joined in the removal.  However, the removal notice was filed more than thirty days after Chesapeake was served.  The specific issues presented are whether failure by Basso to file a

removal notice within thirty days after Chesapeake was served precludes removal, or whether Basso has thirty days from the date that he is served to file a removal notice, in which Chesapeake may join more than thirty days from the date that Chesapeake was served.

Courts have fashioned three different rules to determine the timeliness, under 28 U.S.C. § 1446(b), of removal by multiple defendants. Under the "first-served" defendant rule, a thirty-day window for removal opens when the first-served defendant is served. For removal to be valid, a removal notice must be filed within thirty days from the date that the first-served defendant is served, and all defendants served within thirty days from the date that the first-served defendant is served must join the removal notice within that thirty-day period. If a removal notice is not filed within that thirty-day period, later-served defendants served within thirty days from the date that the first-served defendant is served cannot initiate removal, even if all co-defendants join the removal notice. See Brown v. Demco, Inc., 792 F.2d 478, 481-82 (5th Cir. 1986) (applying the first-served defendant rule); Cellport Sys., Inc. v. Peiker Acustic GMBH & Co. KG, 335 F. Supp. 2d 1131, 1133-35 (D. Colo. 2004) (same); Smith v. Health Ctr. of Lake City, Inc., 252 F. Supp. 2d 1336, 1345 (M.D. Fla. 2003) (same); McAnally Enters., Inc. v. McAnally, 107 F. Supp. 2d 1223, 1229-30 (C.D. Cal. 2000) (same); Phoenix Container Ex Rel. Samarah

v. Sokoloff, 83 F. Supp. 2d 928, 932-34 (N.D. Ill. 2000) (same); Biggs Corp. v. Wilen, 97 F. Supp. 2d 1040, 1045-46 (D. Nev. 2000) (same).

Under the "last-served" defendant rule, the window for removal does not close thirty days from the date of service on the first-served defendant. If a removal notice is not filed within thirty days from the date that the first-served defendant is served, later-served defendants can initiate removal within thirty days of their receipt of service, provided that all co-defendants join the removal notice. See Marano Enters. of Kansas v. Z-Teca Rests., L.P., 254 F.3d 753, 755-57 (8th Cir. 2001) (applying the last-served defendant rule); Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 533 (6th Cir. 1999) (same); Piacente v. State Univ. of New York at Buffalo, 362 F. Supp. 2d 383, 386-90 (W.D.N.Y. 2004) (same); Ratliff v. Workman, 274 F. Supp. 2d 738, 790-91 (S.D. W. Va. 2003) (same); In re Tamoxifen Citrate Antitrust Litig., 222 F. Supp. 2d 326, 335 (E.D.N.Y. 2002) (same).

Under the intermediate rule, sometimes referred to as the "McKinney" rule, derived from the Fourth Circuit opinion in McKinney v. Board of Trustees of Maryland Community College, 955 F.2d 924 (4th Cir. 1992), a removal notice must be filed within thirty days from the date that the first-served defendant is served for removal to be valid. If a removal notice is filed within thirty days from the date that the first-served defendant is

served, later-served defendants, served within thirty days from the date that the first-served defendant is served, have their own thirty-day window, opening on the date that they receive service, to decide whether to join the removal notice. If they do not join an otherwise valid removal notice within thirty days of their receipt of service, removal is invalid. See Marano, 254 F.3d at 755 n.4 (noting that the Fourth Circuit, under McKinney, requires the first-served defendant to file a removal notice within thirty days of being served); Fitzgerald v. Bestway Servs., Inc., 284 F. Supp. 2d 1311, 1315-16 (N.D. Ala. 2003) (stating that under the McKinney rule, if the removal notice is defective, the later-served defendant may not remove, even if it attempts to do so within thirty days of being served); Smith, 252 F. Supp. 2d at 1343 (presuming that the Fourth Circuit, under McKinney, would remand the action because the first-served defendant did not file a removal notice within thirty days); Tamoxifen, 222 F. Supp. 2d at 334-35 (stating that the McKinney rule requires the first-served defendant to file a removal notice within thirty days of service); Tate v. Mercedes-Benz USA, Inc., 151 F. Supp. 2d 222, 224-25 (N.D.N.Y. 2001) (discussing the three rules and adopting the McKinney rule as the "better reasoned" rule); Biggs, 97 F. Supp. 2d at 1044-45 (discussing the McKinney rule); Branch, 83 F. Supp. 2d at 636-37 (applying the McKinney rule that the first-served defendant must file a notice of removal within thirty days of

service); Miller v. Chemetron Fire Sys., Inc., v. United States, Civ. A. No. 2:94CV1264, 1996 WL 650141, at *2-4 (E.D. Va. July 1, 1996) (Doumar, J.) (unpublished) (citing McKinney as controlling law on removal by multiple defendants and applying the rule that the first-served defendant must petition for removal within thirty days).

Unlike the case at bar, the first-served defendant in McKinney did file a removal notice within thirty days of its receipt of service. See 955 F.2d at 925. Thereafter, a defendant which was served within thirty days from the date of service on the first-served defendant joined in the removal notice, but did not do so within thirty days from the date of service on the first-served defendant. Id. The issue in McKinney, then, was whether later-served defendants, served within thirty days from the date of service on the first-served defendant, must join in the removal notice within thirty days from the date that the first-served defendant is served. Id. at 926. The Fourth Circuit held that later-served defendants served within thirty days from the date that the first-served defendant is served have "thirty days from the time they are served with process or with a complaint to join in an otherwise valid removal petition." Id. at 928 (emphasis added).[9]

---

[9] In so holding, the Fourth Circuit rejected the Fifth Circuit's holding in Getty Oil Corp. v. Insurance Co. of North America, 841 F.2d 1254, 1262-63 (5th Cir. 1988), that later-served defendants

Thus, the issue in McKinney was not whether a removal notice must be filed within thirty days from the date that the first-served defendant is served. On that point, the Fourth Circuit stated that "the first-served defendant clearly must petition for removal within thirty days" and, in a footnote, the court explained that a first-served defendant's failure to file a removal notice within thirty days from its receipt of service would render removal invalid. Id. at 926, n.3. Plaintiffs urge the court to find that defendants' removal is invalid under McKinney because the removal notice was not filed within thirty days from the date that Chesapeake, the first-served defendant, was served. See also Miller, 1996 WL 650141, at *2-4. Defendants urge the court to follow Ratliff v. Workman, 274 F. Supp. 2d 783 (S.D. W. Va. 2003), and disregard McKinney dictum that a first-served defendant must file a removal notice within thirty days from the date of service for any removal of the case to be effective, and to adopt the rule that later-served defendants can initiate removal within thirty days of their receipt of service, provided that all co-defendants previously served join the removal notice.[10] Defendants assert that

---

must join in the removal notice within thirty days from the date that the first-served defendant is served.

[10] In Ratliff v. Workman, the United States District Court for the Southern District of West Virginia rejected McKinney dictum and adopted the last-served defendant rule, reasoning that the last-served rule is consistent with the Supreme Court's opinion in Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999). See Ratliff, 274 F. Supp. 2d at 789-91; see also

following the McKinney dictum produces an inequitable result, in that a "later-served defendant could have its removal rights decided by the actions of the first-served defendant." See Defs.' Brief Resp. Mot. Remand at 2. The court declines to disregard the McKinney dictum and also chooses to follow precedent in this district court. See Miller, 1996 WL 650141, at *2-4.

First, the requirement that the removal notice be filed within thirty days from the date that the first-served defendant is served is a necessary premise to McKinney's holding that later-served defendants, served within thirty days from the date that the first-served defendant is served, have thirty days from their receipt of

---

Marano, 254 F.3d at 756-57 (reasoning from Murphy Brothers that if the Court faced the issue of the timeliness of removal by multiple defendants, the Court would adopt the last-served defendant rule). In Murphy Brothers, the Court held that a named defendant's time to remove is triggered by formal service of process and not by mere receipt of a "courtesy copy" of the complaint. See 526 U.S. at 347-56. The United States District Court for the Southern District of West Virginia reasoned that "[i]f a party is not required to take action in litigation until formal service of process, it follows that the removal rights of later-served defendants cannot be forfeited before being brought into litigation." Ratliff, 274 F. Supp. 2d at 790. Thus, the Ratliff court concluded that later-served defendants have thirty days from receipt of service to initiate removal, provided all co-defendants join the removal notice. Id. at 790-91.
    The question presented in Murphy Brothers was whether the named defendant must be formally served with process before the time to remove begins. The case involved a single defendant, and the Court did not consider the timeliness of removal by multiple defendants. Thus, Murphy Brothers does not answer the question presented here, which is whether failure by the first-served defendant to file a removal notice within thirty days after receiving formal service of process renders the removal invalid by the later-served defendant.

service to join "an otherwise valid removal petition." See McKinney, 955 F.2d at 928. McKinney's holding presumes that a removal notice has been filed within thirty days from the date that the first-served defendant is served for there to be an "otherwise valid" removal notice for later-served defendants to join.[11] Second, numerous courts, including this one, have interpreted the "McKinney" rule as requiring a removal notice to be filed within thirty days from the date of service on the first-served defendant.[12] Third, even if dictum, statements by the court of appeals are to be given considerable weight. "Only when a district court is convinced that its court of appeals' dictum is clearly incorrect should the dictum be disregarded." Branch, 83 F. Supp. 2d at 635-37 (rejecting the argument that McKinney dictum should be disregarded and the last-served defendant rule should be adopted and "unhesitatingly adopt[ing] the McKinney dictum as the controlling legal principle").[13]

---

[11]Under the last-served defendant rule that defendants urge the court to adopt, there is no requirement that later-served defendants join an "otherwise valid removal petition." Rather, under the last-served rule, a valid removal may be initiated by later-served defendants within thirty days of their receipt of service. First-served defendants who chose not to file a removal notice within thirty days of their receipt of service may join a removal initiated by later-served defendants well after thirty days from the date that the first-served defendant is served.

[12]See supra at 9-10.

[13]Notably, Judge Shedd, who decided Branch v. Coca-cola Bottling Co. Consolidated in 2000, was a member of the McKinney panel in 1992. See Branch, 83 F. Supp. 2d at 636-37 n.21. Judge

No Supreme Court or Fourth Circuit case has overruled McKinney or the dictum therein. Under the McKinney rule, each defendant is entitled to thirty days from the date it is served to file (or join in) a removal notice. Chesapeake, the first-served defendant, was entitled to thirty days from the date that it was served to file (or join in) a removal notice, and Basso, the later-served defendant, served within thirty days from the date that Chesapeake was served, was entitled to initiate removal within thirty days from the date that Chesapeake was served or join in an otherwise valid removal within thirty days from its receipt of service. If Chesapeake was the only defendant in this action, its failure to remove within thirty days from the date that it was served would render removal invalid. It is not inequitable to impose the same time period for removal in the context of multiple defendants.

Furthermore, the McKinney rule is consistent with the purpose of imposing a thirty day period for removal to prevent undue delay and waste of state judicial resources. See Lovern, 121 F.3d at 163. Under the last-served defendant rule, espoused by the defendants, removal may be initiated by a later-served defendant more than thirty days from the date of service on the first-served defendant. The McKinney rule is also consistent with the rule of unanimity in that if a later-served defendant, served within thirty

---

Shedd asserts that McKinney was not an attempt to liberalize the construction of 28 U.S.C. § 1446(b). See id.

14

days from the date of service on the first-served defendant, decides not to join an otherwise valid removal notice within thirty days after its receipt of service, then removal is improper and the action must proceed in state court. See Branch, 83 F. Supp. 2d at 636. Finally, the McKinney rule is consistent with the principle that removal statutes must be strictly construed. See Mulcahey, 29 F.3d at 151.[14]

Applying the McKinney rule to this action, there was no "otherwise valid removal petition" for Basso to join because a removal notice was not filed within thirty days from the date that Chesapeake was served. Failure to file a removal notice within thirty days from the date that Chesapeake was served precludes removal, and Basso may not initiate removal thirty days from the date that he was served, even if Chesapeake joins the removal notice.

### III. Conclusion

As defendants failed to comply with the procedural requirements for removal, the court **REMANDS** plaintiffs' case to the Circuit Court for the County of Northampton, Virginia, for all further proceedings. The Clerk is **DIRECTED** to forward a copy of this Opinion and Remand Order to counsel for plaintiffs and defendants, and to the Circuit Court for the County of Northampton. Further, the Clerk shall take the necessary steps to effect the

---

[14] See also supra note 13.

remand to state court.

**IT IS SO ORDERED.**

                                                /s/Rebecca Beach Smith
                                          _____
                                          UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

December 8, 2005